EXHIBIT A

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re UNITEK GLOBAL SERVICES, INC. SECURITIES LITIGATION | ) Civil Action No. 2:13-cv-02119-JHS ) ) <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | ) ) ) ) ) |

## *JHS* [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court captioned *In re UniTek Global Services, Inc. Securities Litigation*, Civil Action No. 2:13-cv-02119-JHS (the "Action"); and

WHEREAS, on January 16, 2014, plaintiff Plumbers Local No. 98 Defined Benefit Pension Fund ("Lead Plaintiff"), on behalf of itself and the proposed Class (as herein defined), and defendants UniTek Global Services, Inc. ("UniTek" or the "Company"), C. Scott Hisey, Rocco Romanella, Ronald J. Lejman, Kevin McClelland and Michael Hayford (collectively, the "Defendants" and, together with Lead Plaintiff, the "Parties") in the above-captioned class action (the "Action"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Action; and

1

EXHIBIT A

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby preliminarily certifies, solely for purposes of effectuating the Settlement, pursuant to Federal Rule of Civil Procedure 23, a class consisting of all persons and entities who purchased or otherwise acquired the common stock of UniTek between May 18, 2011 and April 12, 2013, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are (i) the Defendants; (ii) the officers and directors of the Company or its subsidiaries or affiliates and members of their immediate families; (iii) the employees of the Company or its subsidiaries or affiliates and members of their immediate families; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) each of the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons and entities. Also excluded from the Class are all persons and entities who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Final Approval Hearing (the "Notice").

3. Pursuant to Federal Rule of Civil Procedure 23 and for purposes of settlement only, the Court preliminarily certifies Lead Plaintiff Plumbers Local No. 98 Defined Benefit Pension Fund as Class Representative for the Class and appoints Lead Counsel Robbins Geller

2

EXHIBIT A

Rudman & Dowd LLP as Class Counsel for the Class. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

4. With respect to the Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied as: the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Class which predominate over any individual questions; the claims of Lead Plaintiff are typical of the claims of the Class; Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5. The Court hereby preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

EXHIBIT A

6.  The Court hereby approves the retention of Strategic Claims Services ("SCS') as the Claims Administrator in connection with the Settlement to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    i.  No later than twenty (20) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to all members of the Class who may be identified through reasonable effort, including through the cooperation of UniTek and/or its agents to provide shareholder lists as set forth in the Stipulation (the "Notice Date");

    ii. A summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business Daily* and over the *PR Newswire* no later than ten (10) calendar days after the Notice Date;

    iii. The Notice, the Summary Notice and the Proof of Claim shall also be placed on the Claims Administrator's website, on or before the Notice Date; and

    iv. No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing and publication have been made in accordance with this Order.

7.  The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶ 6 of this Preliminary Approval Order meet the requirements of Rule 23, Section 21D(a)(7) of the

4

EXHIBIT A

Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

8. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased UniTek common stock for the benefit of another Person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Proof of Claim to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Proof of Claim to such beneficial owners within ten (10) calendar days after receipt thereof. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

9. Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Final Approval Hearing") shall be held on __June 13__, 2014, at __2:30 p__.m., in the United States District Court for the

5

EXHIBIT A

Eastern District of Pennsylvania, the Honorable Joel H. Slomsky presiding, for the following purposes:

    a.    to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b.    to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    c.    to determine whether the Court should reaffirm its certification, for purposes of effectuating the Settlement, of the Class, reaffirm its certification of Lead Plaintiff Plumbers Local No. 98 Defined Benefit Pension Fund as representative for the Class and reaffirm its appointment of Robbins Geller Rudman & Dowd LLP as counsel for the Class;

    d.    to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Settled Claims (as defined in the Stipulation);

    e.    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses; and

    f.    to rule on such other matters as the Court may deem appropriate.

10.    The Court reserves the right to adjourn the Final Approval Hearing or any adjournment thereof, including the consideration of the application for an award of attorneys' fees and Litigation Expenses, or to change the location thereof, without further notice of any kind to Class Members.

11.    The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

EXHIBIT A

12. Any member of the Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Final Approval Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses. Any member of the Class who timely objects to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Final Approval Hearing and present evidence or argument that may be proper or relevant; *provided, however,* that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Final Approval Hearing, such Person files with the Court and serves upon counsel listed below: (1) a statement of such Person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (3) whether that Person intends to present any witnesses; and (4) proof of the Person's membership in the Class, which proof shall include the Person's purchases and/or acquisitions of UniTek common stock during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and the following counsel:

***Lead Counsel for Lead Plaintiff***
***and the Proposed Class:***

Samuel H. Rudman, Esq.
Robert M. Rothman, Esq.
Edward Y. Kroub, Esq.

7

EXHIBIT A

ROBBINS GELLER RUDMAN
    & GOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747

*Counsel for Defendants UniTek Global Services, Inc.,*
*C. Scott Hisey and Rocco Romanella:*

Robert L. Hickok, Esq.
Gay Parks Rainville, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799

*Counsel for Defendants Ronald J. Lejman*
*and Kevin McClelland:*

Jeffrey A. Lutsky, Esq.
STRADLEY RONON STEVENS
    & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103-7018

*Counsel for Defendant Michael Hayford:*

Steven E. Bizar, Esq.
BUCHANAN INGERSOLL
    & ROONEY, PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555

13. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Final Approval Hearing. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and acquisitions of UniTek common stock during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale; and

EXHIBIT A

(3) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

14. Any Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. A Proof of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Class Members who do not submit a valid and timely Proof of Claim shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such Persons request exclusion from the Class in a timely and proper manner, as provided herein. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for

EXHIBIT A

processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

15. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

16. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead Plaintiff and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Settled Claims against the Released Parties as defined in the Stipulation.

17. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. The Claims Administrator or the Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

EXHIBIT A

19. The Court authorizes payment out of the Settlement Fund of Notice and Administration Costs in accordance with the Stipulation.

20. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiff, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Lead Plaintiff, any member of the Class, or any other Person, has or has not suffered any damage.

21. All motions and papers in support of the Settlement, the Plan of Allocation and any application by Lead Counsel for an award of attorneys' fees and Litigation Expenses, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Final Approval Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

22. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

EXHIBIT A

24. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

SIGNED this 21ST day of FEBRUARY 2014.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.