UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re UNITEK GLOBAL SERVICES, INC. SECURITIES LITIGATION ) ) ) ) | Civil Action No. 2:13-cv-02119-JHS <br><br> CLASS ACTION |
| This Document Relates To: ) ) ) ) | |
| ALL ACTIONS. ) ) | |

JHS
[PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, a consolidated class action is pending in this Court captioned *In re UniTek Global Services, Inc. Securities Litigation*, Civil Action No. 2:13-cv-02119-JHS (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement dated February 21, 2014 (the "Preliminary Approval Order"), on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated January 16, 2014 (the "Stipulation") entered into by plaintiff Plumbers Local No. 98 Defined Benefit Pension Fund ("Lead Plaintiff"), on behalf of itself and the proposed Class (as herein defined), and the following defendants UniTek Global Services, Inc. ("UniTek" or the "Company"), C. Scott Hisey, Rocco Romanella, Ronald J. Lejman, Kevin McClelland and Michael Hayford (collectively, the "Defendants"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was preliminarily certified by the Court for settlement purposes in the Preliminary Approval Order, and

- 1 -

950404_1

the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for purposes of effectuating the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons and entities who purchased or otherwise acquired the common stock of UniTek between May 18, 2011 and April 12, 2013, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are (i) the Defendants; (ii) the officers and directors of the Company or its subsidiaries or affiliates and members of their immediate families; (iii) the employees of the Company or its subsidiaries or affiliates and members of their immediate families; (iv) members of the immediate families of the Individual Defendants; (v) any entity in which any Defendant has or had a controlling interest; and (vi) each of the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons and entities. Also excluded from the Class are all persons and entities who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Final Approval Hearing (the "Notice"), as listed on Exhibit A hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order

certifying Lead Plaintiff Plumbers Local No. 98 Defined Benefit Pension Fund as Class Representative for the Class and appointing Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class.

5. Notice has been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice and publication of the Summary Notice was filed with the Court by Lead Counsel, and a full opportunity to be heard has been offered to all Parties, the Class, and Persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), the Constitution of the United States, and any other applicable law, and it is further determined that all members of the Class are bound by the Judgment herein.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff and the Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties and is in the best interest of the Class. The Court further finds that the record is sufficiently developed and complete to have enabled the Parties to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Parties are hereby directed to perform its terms.

7. The Action and all claims included therein, as well as all of the Settled Claims (defined in the Stipulation and in Paragraph 8(b) below) are dismissed with prejudice as to Lead Plaintiff and the other members of the Class, and as against each and all of the Released Parties

Case 2:13-cv-02119-JHS Document 37-1 Filed 06/20/14 Page 5 of 11

(defined in the Stipulation and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. As used in this Judgment, the terms "Released Parties," "Settled Claims," "Released Parties' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means the Defendants and the agents, attorneys, auditors, underwriters, insurers, representatives, heirs, predecessors, successors in interest and assigns of the Defendants, and the current and former officers, directors, partners, members, parents, subsidiaries, controlling persons, affiliates and employees of the Company.

(b) "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, common or foreign law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and Unknown Claims (as defined herein), arising from both 1) the purchase or acquisition of UniTek common stock during the Class Period and 2) the allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged by Plaintiffs in the Action. Notwithstanding the foregoing, "Settled Claims" does not include claims asserted in any derivative action or ERISA action based on similar allegations or any claims relating to the enforcement of the Settlement.

(c) "Released Parties' Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, foreign or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class and/or individual in nature, including both known claims and Unknown Claims (as defined herein), that have been or could have

been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against the Lead Plaintiff, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

    (d)    "Unknown Claims" means any and all Settled Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date and any Released Parties' Claims that any Released Party does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall expressly have waived, any and all provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

    9.    Upon the Effective Date, each of the Class Members shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each

- 5 -

950404_1

and every Settled Claim against the Released Parties, regardless of whether or not such Class Member executes and delivers a Proof of Claim.

10. Upon the Effective Date, the Released Parties shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Released Parties' Claim against Lead Plaintiff, any Class Member, and their attorneys.

11. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiff, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Lead Plaintiff, any member of the Class, or any other Person, has or has not suffered any damage.

12. Any order approving or modifying the Plan of Allocation set forth in the Notice or the application for an award of attorneys' fees and Litigation Expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

13. The Court finds, pursuant to 15 U.S.C. §78u-4(c)(1), that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. Only those Class Members filing valid Proofs of Claim shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Settled Claims against the Released Parties.

All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15. No Authorized Claimant shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

16. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Person may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiff, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees and Litigation Expenses; and (3) supervising the distribution of the Settlement Fund.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 27th day of JUNE, 2014.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.